Hart, J.,
 

 dissenting. It is my opinion that in this case there was no taxable credit due from the appellant loan association to a borrower pending the clay the proceeds of a construction loan were paid out for his benefit.
 

 When the mortgage was given, no check or credit ■was issued to him. No bank.account was opened in the name of the borrower, and the amount of bis loan ^was not segregated or set aside for him prior to the time installments were paid out for him to cover the construction cost of his building. It is true he made an assignment to the association, but he could assign only what he had received which was nothing until funds were distributed to his creditors in payment of his debts to them. The assignment was in effect a mere power of attorney making the association his agent to distribute to his creditors, to the extent of their bills as they became due, the funds arising from the prospective loan as they were needed. The order or approval of the borrower in connection with such disbursements was not even required during the construction of the building. The borrower did not have in the association any deposit which he owned or in which he had a beneficial interest, and which he was ‘ ‘ entitled to withdraw in money, ’ ’ prior to the moment funds were advanced to him through the payment of his debts. Any so-called deposit was fictitious and did not in fact exist.
 

 
 *622
 
 That he had no deposit with the association is unmistakably indicated by the fact that notwithstanding the execution of the note and mortgage to the appellant association, interest was charged on the mortgage only as the money was actually disbursed, interest being commenced .on units of $1,000 when that amount was necessary to be used for the payment of bills.
 

 In my judgment, the transaction here under consideration constituted a mortgage to cover future advances. The borrower never had in the association the proceeds of a loan which, under the law, could be called a “deposit.”